UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

THOMAS E. DUNN )
)
v. ) NO. 3:04-cv-232
)
JACK MORGAN, Warden; )
STATE OF TENNESSEE )

**<u>MEMORANDUM OPINION</u>**

Thomas E. Dunn, a prisoner in the Brushy Mountain Correctional Complex in Wartburg, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner is challenging the legality of his confinement under a state court cocaine conviction, entered pursuant to his guilty plea in the Criminal Court for Knox, Tennessee in 1995. Before the Court are the respondent's motion to dismiss, supported by a brief, and the petitioner's response in opposition to the motion. (Docs. 5, 6 and 8). The respondent has also furnished copies of the state court record. (Doc. 7, Addenda 1-9).

## I. **Motion to Dismiss**

In the motion, the respondent argues that the petition is barred by the applicable statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (the "ADEPA"). The petitioner counters that ADEPA's statute of limitations is subject to equitable tolling and that equitable tolling is justified under the circumstances of his case.

## II. **Discussion**

A. Timeliness of the § 2254 Petition

The AEDPA, *codified* in 28 U.S.C. § 2241, *et seq.*, amended the federal habeas corpus statutes and added a one-year statute of limitations to govern the filing of an application for a federal writ of habeas corpus. The statute of limitations begins to run from the date the petitioner's state judgment of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, because the petitioner's conviction became final prior to the date of enactment of the AEDPA,[1] the statute would have begun to run on April 24, 1996, the date of its enactment, and his time for filing a § 2254 petition would have expired one year later. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.) (holding that a one-year grace period applies to pre-ADEPA convictions), *cert. denied*, 530 U.S. 1210 (2000), *overruled on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004). However, the statute also provides a tolling mechanism. The statute is tolled pursuant to § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review" is pending.

Here, the petitioner filed a *pro se* post-conviction petition in the Criminal Court for Knox County on December 4, 2002. (Addendum No. 2). The trial court dismissed the

[1] Because the petitioner did not actually seek direct review, his direct appeal would have concluded when the time for filing such an appeal had lapsed. *See* 28 U.S.C. § 2244(d)(1)(A). The time for filing his appeal expired thirty days after April 12, 1995, when his order of judgment was entered. Tenn. R. App. P. 4(a) Thus, the petitioner's conviction became final on May 12, 1995.

petition as barred by the post-conviction statute of limitations and for lack of jurisdiction. On appeal, after requiring the State to brief the issues, the Tennessee Court of Criminal Appeals affirmed the lower court's dismissal based on the statutory time-bar. *Dunn v. State*, No. E2003-00002-CCA-R3-PC, 2003 WL 22888914 (Tenn. Crim. App. Dec. 8, 2003). On February 25, 2004, the state supreme court dismissed the petitioner's application for permission to appeal for lack of jurisdiction because the application was itself untimely filed. (Addendum No. 8).

The petitioner's state post-conviction filings did not suspend the running of ADEPA's statute. This is so because they were not "properly filed" since they did not comply with the post-conviction rules governing the time of filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... time limits upon its delivery.") (emphasis in original). Also, a post-conviction petition filed after the lapse of AEDPA's one-year statute, as was the petitioner's, cannot toll that period because there is no period remaining to be tolled. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000). The petitioner's argument that the state court rulings were based on erroneous procedural determinations and incorrect applications of state law are not relevant to an issue of federal law, such as the tolling of the AEDPA's statute. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). The Court concludes that the one-year statute in § 2244(d) was not tolled by the filing of the state post-conviction petition.

B. Equitable Tolling

The petitioner argues that, even if his federal petition was filed outside the prescribed time-limits in § 2244(d), the Court still has jurisdiction to consider it under the equitable tolling doctrine. This doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a habeas corpus claim, precludes a strict application of the one-year statute of limitations in 28 U.S.C. § 2241(d)(1). *Id.*, at 420-21. A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The petitioner argues that AEDPA's statute of limitations should not apply because of his mental incompetence stemming from his post-traumatic stress disorder ("PTSD"),which he developed as a result of his Vietnam War experiences and which renders him incapable of managing or understanding his legal rights and affairs, including the time-constraints the AEDPA imposed on filing § 2254 petitions. (Doc. 2 at 19-20). He points to various records and affidavits, submitted as exhibits to his petition, which he asserts fully support his contentions that he was "100% mentally incompetent" in 1994 and has remained so to this day. (Doc. 2 at 19; Doc. 8 at 3-4).

Mental illness can toll a statute of limitations only if it actually prevents a petitioner from pursuing his legal rights during the limitations period. *Price v. Lewis*, 119 Fed. Appx. 725, * 726, 2005 WL 23371, *1 (6th Cir. Jan. 5, 2005); *Nowak v. Yukins*, 46 Fed. Appx. 257, *259, 2002 WL 2026196, *2 (6th Cir. Aug. 27, 2002) (petitioner must show that alleged

mental incompetence affected her ability to file a timely habeas petition). In the case *sub judice*, the petitioner's claimed mental illness would have had to preclude him from raising his habeas claims during the period of April 24, 1996 to April 24, 1997.

Included among the hodgepodge of documents and records submitted by the petitioner is a "Discharge Summary" from the Mountain Home Veterans Administration (VA) Domiciliary in Johnson City, Tennessee, which relates to treatment he received at that facility. This document reflects that he was admitted to that facility on September 6, 1995, for medical and psychiatric follow-up and support; was diagnosed as suffering from polysubstance abuse (including alcohol dependence), PTSD, and medical ailments; and was discharged in April, 1996. (Pet., Exh. J). Another "Discharge Summary," from a VA facility in Alabama, states that the petitioner participated in a PTSD program from May 6 to June 7, 1996. (*Id.*)

There is also a document, entitled "Status Change," which indicates that the petitioner was admitted to the VA Domiciliary in Nashville, Tennessee on June 13, 1996, and was released for outpatient treatment on October 30, 1996. (Pet., Exh. E). The "Remarks" section of the form states that the petitioner receives a pension and has been rated incompetent by the Social Security Administration.

The next document is entitled "Rating Decision" and bears the imprint of the Department of Veterans Affairs, Nashville Regional Office. (*Id.*) According to this document, dated December 3, 1996, the petitioner was found to have a 100 percent service-

connected disability (i.e., PTSD). The "Rating Decision" states that the petitioner has "continuously pursued his claim" for compensation since May 11, 1994, and that, since there is some likelihood of improvement, an appointment for a reassessment of his disability is being scheduled for October of 1997. (The Court can find no record or document showing that any such a reassessment occurred.)

Affidavits have also been submitted by the petitioner's daughter, Tina Dunn; his mother, Hattie Stevens; and his former wife, Betty Dunn. These women testify that, at various times, each has been appointed as the petitioner's payee/legal custodian for his pension(s) and that they possess personal knowledge relating to the issue of the petitioner's incompetence. (Pet., Exhs.H, I, and P).

The records concerning the petitioner's state criminal judicial proceedings disclose that he received an eight-year term of imprisonment; that the sentence was suspended and he was placed in the Community Alternatives to Prison Program (CAPP); and that, later, his participation in CAPP was terminated and he was assigned to the incarceration program and placed on unsupervised probation from December 10, 1996 to October 29, 1999.[2]

The petitioner has not alleged or submitted any documentation to show that the conditions in the VA facilities in Tennessee or Alabama, where he was a resident/patient, were so restrictive that they prevented him from filing a timely § 2254 petition. (While the

---

[2] On October 29, 1999, the petitioner was placed on enhanced supervised probation. His probation was revoked on July 12, 2001, and he was ordered to serve his eight-year prison sentence.

petitioner has not specifically indicated the dates he was in those facilities, it appears that he was domiciled and/or treated in those facilities, beginning sometime in April of 1996 and ending on October 30, 1996.) Nor has he shown the existence of any circumstances during the six months remaining on AEDPA's time-clock (i.e., October 31, 1996 to April 24, 1997) which precluded him from conforming with § 2244(d)'s time-constraints. Notably, for four months of that time-frame (i.e., from December of 1996 to April 24, 1997), he was on unsupervised probation.

To the extent that the petitioner is relying on his diagnosis of PTSD, in and of itself, to establish his mental incompetency, not every manifestation of mental illness equates with incompetency. *See, e.g., Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005); *Rhodes v. Senkowski*, 82 F.Supp. 2d 160, 173 (S.D.N.Y. 2000) (petitioner must allege more that the "mere existence of physical or mental ailments" to justify equitable tolling). As the record discloses, regardless of how incompetent the petitioner asserts that he was, he was still able to press his claim for compensation from the VA Administration "continuously" from May of 1994 to October of 1996. Moreover, during the time he was allegedly incompetent (from 1994 to the present), the petitioner not only was pursuing a claim concerning an overpayment of his Supplemental Security Income stipend, (Pet., Exh. K, Letters from the Social Security Administration, dated September 30, 2003 and January 29, 2004), but also was advancing, with the assistance of an inmate legal aide, various constitutional claims in his post-conviction petition in the state trial court, the Tennessee Court of Criminal Appeals, and the

Tennessee Supreme Court, (Addenda Nos. 1-9), and in his habeas corpus petition, (Doc. 1), in this Court. *See Price*, 119 Fed. Appx. 725, at * 726, 2005 WL 23371, at *1 (equitable tolling not appropriate where petitioner was able to pursue legal claims by seeking and obtaining help completing legal paperwork). He was also able to file a six-page response to the motion to dismiss. (Doc. 8)

Based on all the information and data in the files in this case, including that contained in the state court records, the Court has no "genuine basis for concern" that the petitioner's alleged mental incompetence kept him from filing a timely habeas corpus petition. The petitioner has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified and, therefore, the Court finds that ADEPA's statute of limitations should not be equitably tolled here.

## III. **Conclusion**

For the reasons discussed above, the respondent's motion to dismiss the habeas corpus petition as time-barred will be **GRANTED** and this case will be **DISMISSED**.

ENTER:

s/ Leon Jordan
United States District Judge